Bonilla v BPP St Owner LLC (2025 NY Slip Op 05876)

Bonilla v BPP St Owner LLC

2025 NY Slip Op 05876

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 160246/19|Appeal No. 5036|Case No. 2024-03517|

[*1]Cristian Bonilla, Plaintiff-Respondent,
v
BPP St Owner LLC, Defendant-Appellant, BPP Star LLC, et al., Defendants.
BPP St Owner LLC, Third-Party Plaintiff-Appellant,
v
Scala Painting, Inc., Third-Party Defendant-Respondent.

Ahmuty, Demers & McManus, Albertson (Daniel Glattman of counsel), for appellant.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for Cristian Bonilla, respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 17, 2024, which, to the extent appealed as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on her Labor Law § 240(1) claim by submitting her own deposition testimony that she fell from a ladder while working in the bathroom of an apartment, injuring herself (see Rodas—Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]). In opposition, defendant failed to meet its burden. Defendant argues that its evidence established a version of the accident that conflicts with plaintiff's version and does not implicate Labor Law § 240(1). However, defendant's version is based on testifying witnesses who relayed hearsay statements of plaintiff's coworkers that plaintiff fell from standing on the bathroom vanity instead of the ladder. Neither the testifying witnesses nor plaintiff's coworkers were at the scene. No one witnessed plaintiff's accident. Thus, defendant relies on multiple layers of hearsay evidence, which is insufficient to raise a triable issue of fact (see Garcia v 122—130 E. 23rd St. LLC, 220 AD3d 463, 464 [1st Dept 2023]. Nor is non-eyewitness testimony that the ladder, from which plaintiff testifies she fell, was seen in the hallway sometime after the accident, sufficient to undermine plaintiff's account and raise an issue of fact.
Under the circumstances, the only competent evidence was that plaintiff fell from a ladder. That plaintiff was the sole witness to the accident does not preclude summary judgment on her behalf (see Rivera v 712 Fifth Ave. Owner LP, 229 AD3d 401 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025